UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMEEN D. WASHINGTON,

                    Plaintiff,

-against-

NABIA CHONG, ET AL.,

                    Defendants.

23-CV-1936 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*, alleging that after she had an eye examination, her brain "hurt" and she "had to run to Bellevue when she became emotionally weak and gained about 10-20 [ ] pounds in about 30 days." (ECF 1 at 4.) By order dated May 22, 2023, the Court explained that the jurisdiction of the federal courts is limited and held that Plaintiff had failed to plead facts showing that the federal court had subject matter jurisdiction of this action. The Court granted Plaintiff leave to file an amended complaint within 60 days. That order specified that failure to comply would result in dismissal of the complaint for lack of subject matter jurisdiction, without prejudice to Plaintiff's refiling her claims in another forum.

      Plaintiff requested that the Court locate *pro bono* counsel, but the Court denied the request without prejudice to Plaintiff's renewing the request once she filed an amended complaint (ECF 6). Plaintiff filed two additional applications for the Court to request *pro bono* counsel but did not file an amended complaint. (ECF 7, 9.) Because the Court lacks subject matter jurisdiction of this action, the Court denies Plaintiff's request for *pro bono* counsel.

      Plaintiff has not filed an amended complaint. Accordingly, the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Nothing in this order prevents Plaintiff from bringing her claims in a State court or other court of general jurisdiction.

## CONCLUSION

Plaintiff's renewed requests for *pro bono* counsel (ECF 7, 9) are denied because the Court lacks subject matter jurisdiction of this action. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:   July 24, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge